UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDELSO CARMENATES
and IRANIA LLAGO,

    Plaintiffs,

v.                                           CASE NO. 8:17-cv-2635-T-23JSS

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## **ORDER**

A decade ago, the Treasury Department introduced the Home Affordable Modification Program, which allegedly requires a participating bank to use "reasonable efforts" to modify the mortgage of a person in default or reasonably likely to default.[1] After an eligible mortgagor applies for a modification, the program requires several "trial payments" before the bank approves the modification.

In October 2016, Edelso Carmenates and several dozen others sued Bank of America in a single action in the Circuit Court for Hillsborough County, and the bank invoked diversity jurisdiction and removed the action. *Case no.* 8:16-cv-3384-SCB (M.D. Fla. Dec. 12, 2016). The 103-page complaint, which copied swaths from

---

[1] Bank of America disputes that a "reasonably foreseeable" likelihood of default qualifies a mortgagor for a modification and contends that a modification requires either delinquency or an "imminent default."

a *qui tam* complaint in the Eastern District of New York,[2] alleged that Bank of America defrauded each plaintiff between 2009 and 2011 by, among other things, misleading each plaintiff about the eligibility requirement for a modification.  For example, Bank of America allegedly told Carmenates "to refrain from making [his] regular mortgage payments because the only way to get a loan modification was if the loan was in default or had a past due balance."  (Doc. 2 at ¶ 248 in case no. 8:16-cv-3384)  Moving to dismiss the action, Bank of America argued misjoinder of the plaintiffs' claims, failure to plead fraud with particularity, failure to state a claim, expiration of the four-year limitation, and the absence of a private right to sue a bank for violating the requirements of the Home Affordable Modification Program.

After Carmenates and the other plaintiffs failed to respond timely to the motion to dismiss, the presiding judge ordered the plaintiffs to show good cause for the failure to respond.  The plaintiffs argued that their counsel never received the motion to dismiss because of an "Electronic Service Error."  (Doc. 15 in case no. 8:16-cv-3384)  Before the presiding judge resolved the motion to dismiss, Carmenates and the other plaintiffs voluntarily dismissed the action.

In June 2017, Carmenates and 118 other plaintiffs again sued Bank of America in a single action.  *Case no.* 8:17-cv-1534-RAL (M.D. Fla. June 27, 2017).  The 292-page "shotgun" complaint alleges fraud and the violation of Florida's Deceptive and Unfair Trade Practices Act.  In the part of the complaint specific to

---

[2] *United States ex rel. Gregory Mackler v. Bank of America, N.A.*, Case no. 1:11-cv-3270-SLT (E.D.N.Y. July 7, 2011).

him, Carmenates alleged that in June 2009 a Bank of America employee, "Christine," told Carmenates that a modification requires a default. (Doc. 1 at ¶ 1188 in case no. 17-cv-1534) Bank of America allegedly omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification. Moving to dismiss the complaint, Bank of America repeated the arguments from the first motion to dismiss.

Before resolving the motion to dismiss, the presiding judge observed that the complaint, which alleged neither each plaintiff's citizenship nor the amount in controversy between each plaintiff and Bank of America, failed to invoke diversity jurisdiction. (Doc. 15 in case no. 17-cv-1534) Ordered to amend the complaint to invoke diversity jurisdiction, Carmenates and the other plaintiffs submitted a 403-page complaint. (Doc. 16 in case no. 17-cv-1534) For the third time, Bank of America moved to dismiss the complaint and repeated the arguments from the earlier motions. The presiding judge in that action found misjoinder, severed the plaintiffs' claims, and ordered the plaintiffs to sue separately.

The plaintiffs heeded the presiding judge's command. Between October 30, 2017, and November 3, 2017, more than a hundred plaintiffs sued Bank of America in the Middle District of Florida in eighty actions and alleged fraud under Florida common law. Excepting names, dates, addresses, and the like, the complaints are identical. The actions are distributed among eight district judges in the Middle

District of Florida. In two actions, the presiding judges found the claims barred by the four-year limitation.[3]

In Carmenates' fourth complaint (but the first complaint in this case), Carmenates alleges (Doc. 1) four misrepresentations by Bank of America. First, Bank of America allegedly failed to mention that a reasonably foreseeable danger of default might qualify a mortgagor for a modification; second, Bank of America stated that the mortgagor failed to provide Bank of America with the documents necessary to complete the modification; third, Bank of America orally notified the mortgagor that the bank approved the requested modification; and fourth, Bank of America charged a "fraudulent" inspection fee. For the fourth time, Bank of America moved (Doc. 9) to dismiss the complaint. Carmenates has not — in any motion, pleading, or other paper — moved at any moment in this action for leave to amend the complaint.

A February 1, 2018 order (Doc. 12) dismisses each fraud claim except the claim that Bank of America omitted to mention that a reasonably foreseeable likelihood of default might qualify a mortgagor for a modification. In this claim, Carmenates alleges that Bank of America instructed him on June 3, 2009, to "refrain from making [his] regular mortgage payments" in order to qualify for a modification. (Doc. 1 at ¶ 37) Bank of America allegedly omitted to mention that a reasonably

---

[3] *Torres v. Bank of America, N.A.*, 2018 WL 573406 (M.D. Fla. Jan. 26, 2018) (Lazzara, J.), *appeal filed* (Case no. 18-10698); *Paredes v. Bank of America, N.A.*, 2018 WL 1071922 (M.D. Fla. Feb. 27, 2018) (Chappell, J), *appeal filed* (Case no. 18-11337).

foreseeable likelihood of default can qualify a mortgagor for a modification. (Doc. 1 at ¶ 37) Confusingly, Carmenates alleges elsewhere in the complaint that a modification requires not a reasonably foreseeable likelihood of default but rather an "eminent [sic] default." (Doc. 1 at ¶ 38) In either event, unaware of his option not to default, Carmenates allegedly "refrained from" paying his mortgage and, as a result, "fell into default status." (Doc. 1 at ¶ 39) As a "direct result" of Bank of America's alleged omission, Carmenates allegedly suffered the loss of both his home and the equity in his home. (Doc. 1 at ¶ 39)

Moving (Doc. 23) for summary judgment, Bank of America observes that Carmenates defaulted in April 2009, two months before Bank of America's alleged omission. In an affidavit that accompanies his response, Carmenates affirms that he defaulted on the mortgage "due in part to the state of the economy and my own personal financial obligations." (Doc. 28 at 7) Two paragraphs later, Carmenates swears that, when he called Bank of America on June 3, 2009, he "was capable of and intended to start making my mortgage payments." (Doc. 28 at 7) Carmenates affirms that Bank of America advised him not to cure the default and that he suffered a foreclosure after relying on Bank of America's advice. (Doc. 28 at 8) Objecting to Carmenates' maintaining two putatively irreconcilable sets of factual assertions (that is, "I was not in default" and "I was in default"), Bank of America replies (Doc. 33) that Carmenates cannot in effect amend his complaint by responding to a motion for summary judgment with facts that conflict with the allegations in the complaint.

Bank of America argues that the record reveals no genuine dispute of material fact about the fraud claim alleged in the complaint.

As Bank of America correctly observes, the fraud claim in the complaint appears to conflict irreconcilably with the argument in the response to Bank of America's motion for summary judgment. In the complaint, Carmenates alleges:

> Relying on the false statement and omission, [Carmenates] refrained from making [his] regular mortgage payment and fell into default status.

(Doc. 1 at ¶ 39) In the response to Bank of America's motion for summary judgment, Carmenates argues:

> The fact that [Carmenates] was in default at the time of the phone call is irrelevant because it was [Bank of America's] statements that stopped [Carmenates] from getting out of default.

(Doc. 28 at 3) In other words, in responding to the motion for summary judgment Carmenates tacitly concedes that he defaulted before the June 3, 2009 omission and asserts a new theory — that he "intended" to cure the default but that Bank of America's omission misled him into permitting the default to persist.

For nearly two years, Carmenates has evaded Bank of America's repeated efforts to confront the merits of the fraud claim. Responding to a motion for summary judgment that refutes the fraud claim in the complaint, Carmenates attempts to prolong this litigation by asserting a new and different theory. Although the protracted history of this litigation suggests an unwillingness or an inability by the plaintiff to articulate specifically the perceived wrong, Carmenates may amend the complaint a final time and no later than **MAY 25, 2018**, to allege a fraud claim

based on Bank of America's misrepresentation of the eligibility requirement for a modification.  **The fraud theory alleged in the complaint — or in the amended complaint if Carmenates elects to amend the complaint — will control the balance of this litigation**.  Also, if Carmenates elects to amend the complaint, the amendment must (1) clarify whether a modification requires an "imminent" danger of default or a "reasonably foreseeable" likelihood of default and (2) must cite the statute, regulation, rule, or other authority that establishes the eligibility requirement for a modification under the Home Affordable Modification Program.  Additionally, if Carmenates elects to amend the complaint, the fourth amended complaint must omit the claims of Irania Llago, who voluntarily dismissed her claims under Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure.  (Doc. 27)  If the fourth amended complaint fails to state a claim or fails to plead fraud with particularity in accord with Rule 9(b), Carmenates may not submit a fifth amended complaint.  If Carmenates elects not to amend the complaint or fails to timely amend the complaint, a further order will promptly determine whether Bank of America's motion shows the absence of a factual dispute about the fraud claim alleged in the November 3, 2017 complaint.  (Doc. 1)

After Bank of America moved to dismiss this action and the other eighteen actions on this docket,[4] the plaintiff's counsel submitted an identical response in

---

[4] *Gonzalez*, 5:17-cv-519-SDM; *Varela-Pietri*, 8:17-cv-2534-SDM; *Salazar*, 8:17-cv-2535-SDM; *Diaz*, 8:17-cv-2537-SDM; *Rostgaard*, 8:17-cv-2538-SDM; *Mosquea*, 8:17-cv-2551-SDM; *Peralta*, 8:17-cv-2580-SDM; *Rodriguez*, 8:17-cv-2583-SDM; *Ruiz*, 8:17-cv-2586-SDM; *Santos*,

(continued...)

every action. In each action in which Bank of America moved for summary judgment, the plaintiff's counsel submitted an identical response. An affidavit from each plaintiff accompanies each response, and excepting names, dates, and addresses the affidavits appear identical. As evidenced by Rule 9(b)'s particularity requirement, litigating a fraud claim requires careful attention to the details of each action. If Carmenates elects to amend the complaint, the plaintiff's counsel must tailor each complaint to the facts of each action and must not submit another boilerplate complaint.

ORDERED in Tampa, Florida, on May 18, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

⁴(...continued)
8:17-cv-2588-SDM; *Acosta*, 8:17-cv-2592-SDM; *Blanco*, 8:17-cv-2593-SDM; *Garcia*, 8:17-cv-2602-SDM; *Zalazar*, 8:17-cv-2603-SDM; *Perez*, 8:17-cv-2623-SDM; *Moncada*, 8:17-cv-2625-SDM; *Espinel*, 8:17-cv-2628-SDM; *Ocampo*, 8:17-cv-2631-SDM; *Carmenates*, 8:17-cv-2635-SDM.